

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*  *973 645-2700*
*Newark, NJ 07102*

BLU/PL AGR
2013R00370

July 13, 2015

Jason Orlando, Esq.
Murphy Orlando LLC
30 Montgomery Street
15th Floor
Jersey City, New Jersey ~~08608~~ 07302

      Re:   Plea Agreement with Melvin Feliz
             Cr. No. 15-421

Dear Mr. Orlando:

      This letter sets forth the plea agreement between your client, Melvin Feliz, and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement will remain open until the close of business (5:00 p.m.) on Friday, July 17, 2015. If an executed plea agreement is not received by the undersigned Assistant United States Attorney before that date and time, this plea agreement will be withdrawn.

Charge

      Conditioned on the understandings specified below, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office will accept a guilty plea from Melvin Feliz to a two-count Information. Count One charges him with conspiring and agreeing with Keila Ravelo to commit wire fraud contrary to Title 18, United States Code, Section 1343, in violation of Title 18, United

1

States Code, Section 1349.  Count Two charges him with tax evasion, in violation of Title 26, United States Code, Section 7201.

If Melvin Feliz enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Melvin Feliz for conspiring to commit wire fraud from in or about January 2008 through in or about November 2014 or for committing tax evasion from on or about October 27, 2009 through on or about December 31, 2012.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Melvin Feliz may be commenced against him, notwithstanding the expiration of the limitations period after Melvin Feliz signs the agreement. Should the Court at any time reject the plea under Federal Rule of Criminal Procedure 11(c)(1)(C) or act contrary to its terms, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea.

Sentencing

The violation of 18 U.S.C. § 1343 to which Melvin Feliz agrees to plead guilty carries a statutory maximum prison sentence of 20 years' imprisonment and a statutory maximum fine of $250,000. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 26 U.S.C. § 7201 to which Melvin Feliz agrees to plead guilty carries a statutory maximum prison sentence of 5 years imprisonment and a statutory maximum fine of not more than $250,000.  Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on Melvin Feliz, the sentencing judge:  (1) will order Melvin Feliz to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) with respect to Count One, must order Melvin Feliz to pay restitution pursuant to 18 U.S.C. §§ 3663A et seq. and with respect to Count Two, may order Melvin Feliz to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) with respect to Count One, may order Melvin Feliz pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) with respect to Count Two, may order Melvin Feliz to

pay the costs of prosecution; and (5) with respect to both counts, pursuant to 18 U.S.C. § 3583, may require Melvin Feliz to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Melvin Feliz be placed on a term of supervised release for either count and subsequently violate any of the conditions of supervised release before the expiration of its term, Melvin Feliz may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed for either count, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

This Office and Melvin Feliz agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence to be imposed on Melvin Feliz, should be as follows: (1) at the stipulated term of 48 months of incarceration to be served consecutive to the sentence imposed against the defendant in *United States v. Melvin Feliz*, Crim. No. 14-327 (D.NJ) ("the Drug Conspiracy Case"); (2) a term of supervised release of at most 3 years; (3) a special assessment of $100 per count; and (4) as set forth in the forfeiture section of this agreement. Pursuant to Rule 11(c)(1)(C), this Office and Melvin Feliz agree that no other sentence or fine is appropriate, beside those set forth in this paragraph. If the Court accepts this plea agreement, Melvin Feliz must be sentenced accordingly.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office reserves its right to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Melvin Feliz's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and Melvin Feliz agree to stipulate at sentencing to the statements set forth in the attached Schedule A, including that the appropriate sentence to be imposed is a stipulated term of 48 months of incarceration to be served consecutive to the sentence imposed in the Drug Conspiracy Case, regardless of the

advisory range under the United States Sentencing Guidelines. The parties agree that a sentence at the stipulated term of 48 months of incarceration is appropriate taking into account all of the factors under 18 U.S.C. § 3553(a), including the advisory Guidelines range determined by the Court. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. While the Court is not bound by the parties' stipulations, the Court is bound to sentence Melvin Feliz to a stipulated term of 48 months of incarceration under Federal Rule of Criminal Procedure 11(c)(1)(C), if the Court accepts the plea.

## Waiver of Appeal and Post-Sentencing Rights

Melvin Feliz knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the conviction or sentence imposed by the Court if the plea is accepted and the sentence is in accordance with the terms of this agreement.

This Office will not file any appeal, motion or writ which challenges the conviction or sentence imposed by the Court if that sentence is in accordance with the terms of this agreement, and includes a period of incarceration of 48 months to be served consecutive to the sentence imposed against the defendant in the Drug Conspiracy Case. Furthermore, if the Court accepts the terms of this plea agreement, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the Court erred in doing so.

Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraphs and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

## Forfeiture

Melvin Feliz agrees that, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(2)(A), Melvin Feliz will forfeit to the United States any and all interest in the following, which the defendant admits are forfeitable to the United States as property constituting or traceable to the wire fraud conspiracy charged in Count One of the Information: (a) the lot or

parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as 465 Brickell Avenue, Apartment 4001, City of Miami, County of Miami-Dade, Florida; (b) the lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as 164 Chestnut Street, Englewood Cliffs, County of Bergen, New Jersey; (c) the lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as 1740 Taylor Avenue, City of New York, County of Bronx, New York; (d) the lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as 465 Brickell Avenue, Apartment 4002, City of Miami, County of Miami-Dade, Florida; and (e) the lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as 5506 Inspiration Terrace, City of Bradenton, County of Manatee, Florida, (collectively the "Forfeitable Property").

Melvin Feliz also agrees, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(2)(A), to be held jointly and severally liable with Keila Ravelo, his co-defendant in this matter, for the total amount of proceeds obtained via conspiracy to commit wire fraud, and consents to the entry of a forfeiture money judgment in that amount (the "Forfeiture Money Judgment"). The parties agree that the amount of the Forfeiture Money Judgment shall be $7,897,143. The net proceeds from the sale of the Forfeitable Property will be applied to the Forfeiture Money Judgment, in partial satisfaction thereof.

Melvin Feliz further agrees to forfeit his interest in any other property, including substitute assets pursuant to 21 U.S.C. § 853(p) (as incorporated by 18 U.S.C. § 982(b)) in full or partial satisfaction of the Forfeiture Money Judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full. Melvin Feliz further agrees to fully cooperate with the Office in establishing a payment plan, surrendering assets, or in any other action taken by the Office to satisfy the Forfeiture Money Judgment.

Melvin Feliz represents that, to the best of his ability, he has disclosed all of his assets to the United States on the attached Financial Disclosure Statement. Melvin Feliz agrees that if the government determines that he has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, Melvin Feliz consents to the administrative, civil, and/or criminal

forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, Melvin Feliz knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. Melvin Feliz further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

Melvin Feliz further agrees to consent to the immediate entry of an order of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Melvin Feliz understands that the forfeiture of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Melvin Feliz hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Melvin Feliz. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Melvin Feliz.

No provision of this agreement shall preclude Melvin Feliz from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Melvin Feliz received constitutionally ineffective assistance of counsel.

Prior to the date at sentencing, Melvin Feliz shall: (1) file accurate personal income tax returns for calendar years 2008 through 2014 or enter into a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2008 through 2014; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns or Form 870 Waiver, upon request; (3) pay to the Internal Revenue Service all taxes and any penalties owed on those returns or Form 870 Waiver, or if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, Melvin Feliz agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Melvin Feliz. With respect to disclosure of the criminal file to the Internal Revenue Service, Melvin Feliz waives any rights under Tilte 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Melvin Feliz's tax returns and return information.

7

No Other Promises

This agreement constitutes the plea agreement between Melvin Feliz and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Brian L. Urbano
Assistant U.S. Attorney

APPROVED:

Thomas J. Eicher
Chief, Criminal Division

8

I have received this letter from my attorney, Jason Orlando, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 7/16/15
Melvin Feliz


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences, as well as the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 7/16/15
Jason Orlando, Esq.

9

## Plea Agreement With Melvin Feliz

### Schedule A

1. This Office and Melvin Feliz agree to stipulate to the following facts:

    a. From in or about January 2011 through on or about March 11, 2014, Melvin Feliz and co-defendant Keila Ravelo knowingly and intentionally conspired and agreed to commit wire fraud. At all times relevant to this conspiracy, Melvin Feliz and co-defendant Keila Ravelo resided in New Jersey and maintained a joint bank account.

    b. In furtherance of the conspiracy, Melvin Feliz and co-defendant Keila Ravelo devised and participated in a scheme or artifice to defraud two law firms and a client thereof and to obtain money and property from those law firms and/or the above-referenced client, by means of materially false representations and promises.

    c. For the purpose of executing such scheme and artifice to defraud, Melvin Feliz and co-defendant Keila Ravelo did transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds. As a result, Melvin Feliz and co-defendant Keila Ravelo knowingly and intentionally defrauded the client of those two law firms out of approximately $7,897,143.

    d. Melvin Feliz and co-defendant Keila Ravelo knowingly and willfully failed to report a total of $7,897,143 in individual income to the Internal Revenue Service for the years 2008 through 2012, resulting in a total tax loss of $2,246,667.

2. In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that a sentence at the stipulated term of 48 months of incarceration to be served consecutive to the sentence imposed against the defendant in the Drug Conspiracy Case, a period of not more than 3 years of supervised release per count, a special assessment of $100 per count, and the forfeiture section of this agreement (hereinafter the "Stipulated Sentence") is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a), and neither party will seek a role adjustment, nor will they argue for a sentence above or below the Stipulated Sentence.